IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.M.,                                         :
                          Petitioner          :
                                              :
              v.                              :
                                              :
Pennsylvania State Police,                    :    No. 47 M.D. 2021
                          Respondent          :    Submitted: April 11, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON                              FILED:  May 15, 2024


          Before this Court, in our original jurisdiction, is an application for summary relief by Respondent, the Pennsylvania State Police (PSP).  Previously, Petitioner, C.M., filed a petition for review, and later an application for summary relief, seeking removal from Pennsylvania's sex offender registry maintained by the PSP and exclusion from any future registration requirement under the Sexual Offender Registration and Notification Act (SORNA II).[1]  In response to C.M.'s application for summary relief, the PSP denied that C.M. was entitled to relief and requested that this Court instead enter summary relief in favor of the PSP.  However, that request was not properly before this Court, as the PSP had filed no application for relief.  *See Bradley v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 132 M.D. 2019, filed June 23, 2021), slip op. at 19 n.20, 2021 WL 2580602, at *24 n.20 (unreported) (despite petitioner's failure to present any claim on which he could

---

          [1] Act of February 21, 2018, P.L. 27, No. 10, 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140, No. 29.

recover, "[i]n the absence of an application for summary relief filed by [respondent], the Court is without a procedural vehicle through which to dismiss the original jurisdiction . . . action"). After this Court denied C.M.'s application for summary relief, the PSP filed the application for summary relief that is presently before us. For the reasons discussed below, we grant the PSP's application for summary relief.

## I. Background

We reiterate here the pertinent background information concerning this case set forth in our previous opinion denying C.M.'s application for summary relief.

C.M. participated in a rape and murder in 1987. *See* Pet. for Rev., ¶ 4; *Com. v.* [*C.M.*], 245 A.3d 1121, 1124 (Pa. Super. 2021) (*C.M. I*), *appeal denied*, (Pa., No. 53 MAL 2021, filed Dec. 7, 2021), 2021 WL 5810455 (Table) (*C.M. II*). In 1995,[2] he entered a plea agreement in which he pleaded guilty to rape, criminal conspiracy to commit rape, and third-degree murder. Pet. for Rev., ¶ 4. He received a sentence of 15 to 30 years' incarceration. *Id.* He was released from prison in late 2020. *See id.*, ¶ 10.

According to C.M., the PSP informed him upon his release that he was required to register for life as a convicted sex offender under Subchapter I of SORNA II, 42 Pa.C.S. § 9799.52. He then commenced this action by a petition for

---

[2] C.M. was initially convicted in 1988, but the Pennsylvania Supreme Court later vacated that conviction and remanded the matter for a new trial. *Com. v.* [*C.M.*], 245 A.3d 1121, 1124 n.4 (Pa. Super. 2021) (*C.M. I*), *appeal denied*, (Pa., No. 53 MAL 2021, filed Dec. 7, 2021) (*C.M. II*), 2021 WL 5810455 (Table) (citing *Com. v.* [*C.M.*], 602 A.2d 1265 (Pa. 1992)).

review seeking removal from the sex offender registry and exclusion from any future registration requirement.[3]

C.M. filed an application for a preliminary injunction, seeking removal of his information from the sex offender registry pending this Court's decision in the case. On May 6, 2021, this Court issued a single-judge opinion and order denying the injunction. *C.M. v. Pa. State Police* (Pa. Cmwlth., No. 47 M.D. 2021, filed May 6, 2021) (Ceisler, J., single-judge opinion) (*C.M. III*). This Court found C.M. failed to show either irreparable harm from the presence of his information on the registry or a likelihood of prevailing on the merits of his claim. *Id.*, slip op. at 5-6. C.M. then filed his application for summary relief, which this Court denied. *C.M. v. Pa. State Police*, 269 A.3d 1280 (Pa. Cmwlth. 2022) (*en banc*) (*C.M. IV*).

C.M. filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which that Court quashed on January 19, 2023, as seeking review

---

[3] C.M. has been attempting since at least 2014 to eliminate his lifetime registration obligation, which was first imposed under the statute known as Megan's Law II, *formerly* 42 Pa.C.S. §§ 9791-9799.7. *See* Pet. for Rev., ¶ 6; *C.M. I*, 245 A.3d at 1124. After several years of appeals, in an opinion and order dated January 4, 2021, the Superior Court remanded that matter for the trial court to consider the very issue C.M. raises here, *i.e.*, whether he is subject to the registration requirement of Subchapter I of SORNA II. *C.M. I*, 245 A.3d at 1126 ("[C.M.] argues that Subchapter I [of SORNA II] does not apply to him, as 'his triggering offenses occurred in 1987' and, because he has been incarcerated since his conviction, he was never required to register under a former version of the sex offender registration laws.") & 1133-34 (remanding to the trial court to "determine whether [C.M.] is obligated to register as a sex offender under Subchapter I"). C.M. filed a petition for allowance of appeal, which held the remand in abeyance. *See* Pet. for Review, ¶ 15. Our Supreme Court denied the petition for allowance of appeal on December 7, 2021. *C.M. II*. As of the filing date of this opinion, the last entries on the trial court docket are notice on January 3, 2022, of the denial of the petition for allowance of appeal, and receipt of the Superior Court's remand decision on January 4, 2022. The trial court docket is available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-67-CR-0000798-1988& dnh=zVlsmkSOd94WjCZzBh%2Fkqw%3D%3D (last visited May 14, 2024). *See* Court of Common Pleas of York County, No. CP-67-CR-0000798-1988.

3

of a non-final order. *C.M. v. Pa. State Police*, 291 A.3d 333 (Pa. 2023). Thereafter, the PSP filed the instant application for summary relief.

## II. Issues

In his petition for review, C.M. challenges the application of Subchapter I of SORNA II to him. He committed his crimes in 1987 and was not released from prison until late 2020. He argues that he was first "required to register" under Megan's Law II "upon release" from prison in 2020. Pet. for Rev., ¶ 22. Subchapter I, however, applies only to offenders who were "required to register . . . on or after April 22, 1996, but before December 20, 2012." 42 Pa.C.S. § 9799.52. C.M. reasons that as he was incarcerated throughout that time period, he was not "required to register" under Megan's Law II because he had not been released. Pet. for Rev., ¶ 21. Therefore, he contends he is not subject to any registration requirement under the plain language of Subchapter I of SORNA II. C.M. argues that in *Smolsky v. Blocker* (Pa. Cmwlth., No. 254 M.D. 2018, filed May 20, 2019), 2019 Pa. Commw. Unpub. LEXIS 293 (unreported),[4] this Court construed the statutory language at issue in exactly the way C.M. seeks to have it construed in this case. In addition, C.M. asserts that the legislative findings and purpose behind the statutory framework creating the sex offender registry are inapplicable, as is any suggestion that C.M.'s reading of the statute yields an absurd result, because the

---

[4] Under Section 414(a) of this Court's Internal Operating Procedures, unreported decisions of this Court issued after January 15, 2008 may be cited for their persuasive value, but not as binding precedents. 210 Pa. Code § 69.414(a).

language of the statute is clear and this Court should not ignore the letter of the law in favor of its spirit.

In its own application for summary relief, as in its opposition to C.M.'s application for summary relief,[5] the PSP observes that Megan's Law II, which became effective in 2000, while C.M. was incarcerated, did not exclude incarcerated persons from the lifetime registration requirement. Br. of Resp't at 5-6 (quoting *former* 42 Pa.C.S. § 9795.1). The PSP asserts that the obligation of lifetime registration arose on the effective date of Megan's Law II, even though the duty to begin providing residence information to the registry began only upon release because until that time, an incarcerated person's address – *i.e.*, in prison – was known. Br. of Resp't at 5-7 (citing *former* 42 Pa.C.S. § 9795.2).

### III. Discussion

Pennsylvania Rule of Appellate Procedure 1532(b) permits filing of an application for summary relief at any time after a petition for review has been filed in an original jurisdiction matter. Pa.R.A.P. 1532(b). Like summary judgment, summary relief is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Haveman v. Bureau of Prof. & Occupational Affairs, State Bd. of Cosmetology*, 238 A.3d 567, 570-71 (Pa. Cmwlth. 2020). Here, as in the background and issues sections above, we reiterate our previous analysis from our *en banc* opinion denying C.M.'s application for summary relief, which is likewise dispositive of the PSP's application for summary relief.

---

[5] The parties filed joint applications, which this Court granted, for disposition of the PSP's application for summary relief on the basis of the briefs already filed and without additional argument.

Subchapter I of SORNA II provides, in pertinent part: "This subchapter shall apply to individuals who were . . . required to register with the [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired." 42 Pa.C.S. § 9799.52(2). Here, C.M. was convicted in 1995 of sex offenses committed in 1987, but he was incarcerated at the time Megan's Law II was enacted and was, therefore, subject to its provisions. *See former* 42 Pa.C.S. § 9795.1 (imposing registration requirement on individuals "convicted" of listed crimes and not excepting those already incarcerated for such crimes); *Dunyan v. Pa. State Police* (Pa. Cmwlth., No. 75 M.D. 2014, filed Dec. 17, 2014), slip op. at 4-5, 2014 Pa. Commw. Unpub. LEXIS 722, at *4-5 (unreported) (upholding application of lifetime registration requirements first applied under Megan's Law II to individual convicted before its enactment but still incarcerated on its effective date); *accord Com. v. Gaffney*, 733 A.2d 616, 622 (Pa. 1999) (upholding application of registration requirements of Section 9793 of Megan's Law I,[6] *formerly* 42 Pa.C.S. § 9793, to individual convicted of offense committed before its enactment).

Both C.M.'s petition for review and the PSP's application for summary relief raise solely an issue of pure statutory construction.[7] Subchapter I of SORNA applies to offenders who were "required to register . . . on or after April 22, 1996, but before December 20, 2012." 42 Pa.C.S. § 9799.52(2). As explained above, C.M.

---

[6] *Formerly* 42 Pa.C.S. §§ 9791-9799.6. Megan's Law II increased the registration period for some offenses from 10 years to lifetime registration.

[7] Before this Court, C.M. does not assert any challenge to the retroactive application of Subchapter I as a constitutional violation. Notably, in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), our Supreme Court held that Subchapter I of SORNA II is non-punitive and does not violate constitutional prohibitions against *ex post facto* laws. *Id.* at 626-27.

contends that he was not "required to register" under a former statute, *i.e.*, Megan's Law II, which was in effect in various forms from 2000 until 2012, because he was incarcerated throughout that period and was not released from prison, thus triggering his registration requirement, until 2020. In other words, because C.M. was not released until 2020, he insists he was not required to register before December 20, 2012, and is, accordingly, not subject to registration under SORNA II. Pet. for Rev., ¶¶ 20-21. We disagree.

Section 9795.1 of Megan's Law II was titled "Registration." *Former* 42 Pa.C.S. § 9795.1. Section 9795.1(b)(2) of Megan's Law II imposed a lifetime registration requirement on individuals convicted of listed offenses, including rape, one of the crimes of which C.M. was convicted. *Former* 42 Pa.C.S. § 9795.1(b)(2). As the PSP observes, nothing in that provision excepted already-incarcerated individuals from its application. *See* Br. of Resp't at 5-6 (quoting *former* 42 Pa.C.S. § 9795.1); *Dunyan*, slip op. at 4-5.

The point in time at which registration would begin was contained in a separate section of Megan's Law II, Section 9795.2, titled "Registration Procedures and Applicability." *Former* 42 Pa.C.S. § 9795.2. Section 9795.2(a)(1) provided: "Offenders and sexually violent predators shall be required to register all current residences or intended residences with the [PSP] upon release from incarceration, upon parole from a state or county correctional institution, or upon the commencement of a sentence of intermediate punishment[8] or probation." *Former* 42 Pa.C.S. § 9795.2(a)(1) (2000).

---

[8] "Intermediate punishment" includes statutorily authorized sentencing alternatives such as home confinement and electronic monitoring. *Com. v. Wegley*, 829 A.2d 1148, 1148 n.1 (Pa. 2003) (citing 42 Pa.C.S. § 9763(b)(16), (17); 37 Pa. Code § 451.51(a)(1)-(3)).

7

Reading Sections 9795.1 and 9795.2 together, it is apparent that the obligation to register arose under Section 9795.1 upon the enactment of Megan's Law II with regard to individuals incarcerated for sex offenses on that date. Therefore, we agree with the PSP that C.M., who was incarcerated on the effective date of Megan's Law II, became obligated for lifetime registration *on that date*.

By contrast, Section 9795.2, which expressly related only to registration *procedures*, merely provided the timing and mechanism of when and how performance of the registration obligation would begin. Thus, only C.M.'s duty to begin performing that obligation, not the obligation itself, arose upon his subsequent release. The date of his release was irrelevant to his registration obligation.

As discussed above, Subchapter I of SORNA II applies to individuals who were "required to register with the [PSP] under a former sexual offender registration law . . . on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired." 42 Pa.C.S. § 9799.52(2). C.M. incurred a lifetime registration requirement upon the effective date of Megan's Law II in 2000, *i.e.*, after April 22, 1996, but before December 20, 2012. As a lifetime requirement, it has not expired. Accordingly, we agree with the PSP that, as a matter of law, C.M. must register with the PSP for his lifetime.

C.M.'s reliance on *Smolsky* is unavailing. In *Smolsky*, this Court issued an unreported panel decision addressing the same issue in analogous circumstances. This Court found the petitioner was entitled to have his name removed from the sex offender registry and was not subject to future registration requirements. *Smolsky*, slip op. at 5-6. C.M. therefore relies heavily on *Smolsky* as persuasive. However, this Court expressly distinguished *Smolsky* in its *en banc* opinion in this case. *See*

8

*C.M. IV*, 269 A.3d at 1285 (observing that *Smolsky* did not involve the same arguments raised here and noting that this Court had previously distinguished *Smolsky* in its single-judge opinion in *C.M. III*). Accordingly, as we reasoned in denying C.M.'s application for summary relief, we conclude that our decision in *Smolsky* is not persuasive here.

Moreover, as the PSP aptly points out in its brief, the result of C.M.'s construction of Subchapter I would have absurd results. Br. of Resp't at 7-8. For example, if two persons committed sex offenses on the same day and were incarcerated at the same time, and one of them, who committed a less serious offense, was released before December 20, 2012, but the other, who committed the more serious crime, was not released until after December 20, 2012, C.M.'s reading of the statute would mean that the offender committing the less serious crime would have to register and the offender committing the more serious crime – and thus posing the more serious risk of harm to the public – would not. *Id.* Such a result would directly contravene the legislative policy underlying both Megan's Law II and SORNA II to protect "the safety and general welfare" of Pennsylvania citizens. *Former* 42 Pa.C.S. § 9791(b); 42 Pa.C.S. § 9799.11(b)(1).

## IV. Conclusion

For the foregoing reasons, the PSP's application for summary relief is granted.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.M.,                                          :
                    Petitioner                 :
                                               :
            v.                                 :
                                               :
Pennsylvania State Police,                     :      No. 47 M.D. 2021
                    Respondent                 :

O R D E R

AND NOW, this 15th day of May, 2024, the application for summary relief filed by Respondent, the Pennsylvania State Police, is GRANTED. The petition for review is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge